UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09352-RGK (VBKx) | Date | March 19, 2012 |
|---|---|---|---|
| Title | TERESA E. MARQUEZ et al. v. U.S. BANK et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      **(IN CHAMBERS) Order Re: Defendant Saxon Mortgage Service's Motion to Dismiss (DE 17) and Defendants U.S. Bank and Ocwen Loan Servicing's Motion to Dismiss (DE 20)**

## I.    INTRODUCTION

On November 9, 2011, Teresa and Edgar Marquez (collectively, "Plaintiffs") filed a Complaint against U.S. Bank National Association as Trustee for the Registered Holders of ABFC 2007-WMC1 Trust ("U.S. Bank"), Ocwen Loan Servicing, LLC ("Ocwen"), and Saxon Mortgage Servicing, LLC ("Saxon") (collectively, "Defendants"). Plaintiffs asserted seven claims for relief: (1) request for declaratory relief, (2) violation of 15 U.S.C. § 1692e ("FDCPA"), (3) violation of 15 U.S.C. § 1641(g) ("TILA"), (4) violation of California Business and Professions Code § 17200, (5) breach of contract, (6) breach of the implied covenant of good faith and fair dealing, and (7) violation of California Civil Code §§ 2923.5 and 2924. On December 27, 2011, Plaintiffs filed a First Amended Complaint ("FAC") that added quasi contract and accounting claims to the existing seven claims.

On January 9, 2011, Saxon filed a Motion to Dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). On January 17, 2011, U.S. Bank and Ocwen also filed a Motion to Dismiss the FAC pursuant to Rule 12(b)(6) along with a Request for Judicial Notice. For the following reasons, the Court **GRANTS in part and DENIES in part** Defendants' Motions.

## II.   FACTUAL BACKGROUND

Plaintiffs allege the following facts in their FAC.

On January 24, 2007, Plaintiffs purchased property secured by a mortgage with Golden Empire Mortgage, Inc. ("Golden"). Shortly after the purchase, Golden sold Plaintiffs' loan to

other unidentified entities. These unidentified entities, together with Defendants, attempted to securitize the loan by transferring it to the ABCF 2007-WMC1 Trust ("WMC1 Trust").

Plaintiffs allege that this attempted securitization failed and that, as a result, Defendants have no legal right to attempt to collect payments or otherwise declare default as to Plaintiffs' loan. Plaintiffs' allegations regarding the failed securitization stem from Defendants' and other entities' failure to follow the requirements of the Trust Agreement, specifically the requirements surrounding the documentation of the chain of title.

Plaintiffs additionally allege that they sent a Qualified Written Report under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605e, to Saxon and/or Ocwen and that the response indicates that U.S. Bank does not have a legal interest in the loan.

## III.　LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion, the court must take the allegations in the challenged complaint as true, and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Only facts included in the pleadings shall be considered. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain sufficient factual matter to "state a claim . . . that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). A claim is facially plausible when there are sufficient factual allegations for the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, where the facts of a complaint merely infer the possibility of wrongdoing, the pleader is not entitled to relief. *Id.* at 1950.

## IV.　DISCUSSION

### A.　Judicial Notice

A court can take judicial notice of facts not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination from sources whose accuracy is not subject to a reasonable challenge. Fed. R. Evid. 201(b). Public records, including properly recorded deeds of trust and notices of default, are appropriate for judicial notice. *See Grant v. Aurora Loan Services, Inc.*, 736 F. Supp. 2d 1257, 1263-64 (C.D. Cal. 2010). In deciding a Rule 12(b)(6) motion, a court may consider judicially noticed documents without converting the motion into a motion for summary judgment. *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991).

To support their Motion to Dismiss, U.S. Bank and Ocwen ask the Court to take judicial notice of three publicly recorded documents: two Notices of Default and one Assignment of a Deed of Trust.

Plaintiffs summarily challenge the validity of these documents without disputing any particular facts within the documents or whether they were properly recorded. Based on the

current record, the Court finds that these publicly recorded documents are not subject to reasonable dispute. Therefore, the Court **GRANTS** U.S. Bank and Ocwen's Request for Judicial Notice.

Plaintiffs have also filed a Request for Judicial Notice regarding a report published by the Office of the Assessor-Recorder of San Francisco titled, "Foreclosure in California: A Crisis of Compliance." This document is not pertinent to the pending Motions and therefore, the Court **DENIES** Plaintiffs' Request as irrelevant.

### B.     Individual Claims for Relief

Defendants, in two separate groupings, have moved to dismiss Plaintiffs' entire FAC. The Court will discuss each claim in turn. Unless otherwise noted, all claims have been brought against all Defendants.

> *1.     Plaintiffs' Claims for Declaratory Relief, Quasi Contract, Violation of the FDCPA, Violation of California Business and Professions Code § 17200, and Accounting*

Plaintiffs' claims for declaratory relief, quasi contract, violation of the FDCPA, violation of California Business and Professions Code § 17200, and accounting are all based on allegations that Defendants failed to comply with the securitization procedures in the Trust Agreement. Plaintiffs allege that this failure to follow proper procedures for assignment means that Defendants do not have a legal interest in the loan, may not declare that Plaintiffs are in default, and have been unjustly enriched by the improper collection of mortgage payments. Defendants move to dismiss these claims because Plaintiffs lack standing to challenge the securitization of their loan.

Federal courts may only hear actual cases or controversies as defined by Article III of the Constitution. *Allen v. Wright*, 468 U.S. 737, 750 (1984). Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In order to properly establish standing, a plaintiff must (1) present an "injury in fact;" (2) show a causal connection between the injury and each defendant's conduct; and (3) demonstrate the likelihood that the injury can be redressed by a decision of the court. *Id.* at 560-61. A plaintiff has no standing to assert the legal rights of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975)*.*

Plaintiffs challenge whether Defendants followed the appropriate procedures in securitizing their loan and forming the WMC1 Trust. However, Plaintiffs do not allege that they are investors of the WMC1 Trust or third party beneficiaries of the Trust Agreement. Therefore, Plaintiffs' challenge to the securitization of the loan is premised on the legal rights of third parties. *See id.* Accordingly, the Court finds that Plaintiffs lack standing to challenge the securitization of their Loan. *See, e.g.*, *In re Correia*, 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) (holding that debtors, as non-parties to a PSA, do not have standing to challenge a mortgage assignment based upon non-compliance with the agreement); *Bascos v. Federal Home Loan Mortg. Corp.*, No. CV 11-3968-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust."). Therefore, the Court **GRANTS** Defendants' Motions to Dismiss Plaintiffs' claims for declaratory relief, quasi contract, violation of the FDCPA, violation of California Business and Professions Code §

17200, and accounting.[1]

### 2. *Violation of TILA Against U.S. Bank*

U.S. Bank argues that Plaintiffs' claim is barred by the statute of limitations. The Court agrees.

Under TILA, a new creditor is required to provide the borrower with written notice of the transfer of ownership of the borrower's loan. 15 U.S.C. § 1641(g). The notice must contain basic information regarding the identity and address of the new creditor. *Id.* Claims under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). However, the statute of limitations can be equitably tolled when the plaintiff is unable to obtain information necessary to the claim even in the exercise of due diligence. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001)).

Plaintiffs allege they never received the required disclosures following the transfer of their loan from Golden to U.S. Bank on or around January 24, 2007. (FAC ¶¶ 84, 88-92.) This alleged violation occurred more than one year prior to the date Plaintiffs filed their Complaint and therefore is barred by the statute of limitations. Plaintiffs argue that U.S. Bank's failure to provide the requisite disclosures should equitably toll the statute of limitations. However, Plaintiffs' arguments are unavailing because failure to make mandatory TILA disclosures is not itself enough to trigger equitable tolling and, moreover, Plaintiffs have not alleged that they exercised due diligence to obtain information regarding U.S. Bank's alleged violation prior to the running of the statute of limitations. Consequently, equitable tolling is inappropriate in this instance. *See Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009). Therefore, this claim is time-barred and the Motion to Dismiss is **GRANTED**.

### 3. *Breach of Contract*

Defendants argue that Plaintiffs fail to allege specific facts to support their claim for breach of contract. The Court disagrees.

To state a claim for breach of contract, a party must plead "the existence of a contract, his or her performance of the contract or excuse for nonperformance, the defendant's breach and resulting damage." *Harris v. Rudin, Richman & Appel*, 74 Cal. App. 4th 299, 307 (Ct. App. 1999).

Here, Plaintiffs have sufficiently pled the elements for a claim for breach of contract. Plaintiffs have alleged the existence of a contract, namely Plaintiffs' Deed of Trust, as well as their substantial performance under the contract. In addition, Plaintiffs have alleged that Defendants breached the Deed of Trust by failing to apply Plaintiffs' payments in the order of priority set forth in Section 2 of the Deed of Trust. Finally, Plaintiffs have alleged that they have been damaged in a number of specific ways as a result of Defendants' breach. Therefore, Plaintiffs have sufficiently pled a claim for breach of contract and the Court **DENIES** the Motions to Dismiss.

---

[1] The Court notes that Plaintiffs have already consented to the dismissal of the FDCPA claim against Ocwen.

### 4. *Breach of the Implied Covenant of Good Faith and Fair Dealing*

Defendants argue that Plaintiffs have not alleged sufficient facts to support this claim. The Court agrees.

California law implies a covenant of good faith and fair dealing in every contract in order to prevent one party from unfairly frustrating the other party's right to receive the benefits of the agreement. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349 (2000). However, plaintiffs attempting to make claims for breach of this duty must make allegations above and beyond the alleged breach of the underlying contract. A claim that merely restates the allegations of a breach of contract claim is insufficient. *Careau v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (Ct. App. 1990).

Plaintiffs' allegations as to this claim duplicate the allegations for the breach of contract claim; they have not alleged any conduct of Defendants that would go beyond breach of the contract. For this reason, Plaintiffs have failed to state a claim for breach of the implied covenant of good faith and fair dealing and Defendants' Motions to Dismiss are **GRANTED**.

### 5. *Violation of California Civil Code §§ 2923.5 and 2924*

Plaintiffs have consented to the dismissal of this claim against Defendant Saxon. (Pl. Opp. to Saxon, 12.)

U.S. Bank and Ocwen argue that Plaintiffs' claim for violation of California Civil Code §§ 2923.5 and 2924 fails because judicially noticeable documents show that U.S. Bank and Ocwen complied with both Civil Code sections. The Court agrees and dismisses the claim.

#### i. *California Civil Code § 2923.5*

California Civil Code § 2923.5(a) describes the requirements for mandatory contact in advance of filing a notice of default. Failure to comply with this subsection is excused if the borrower could not be reached despite "due diligence," as defined by the statute. *Id.* § 2923.5(g). A notice of default must be accompanied by a declaration that the buyer has been contacted or could not be reached despite due diligence. *Id.* § 2923.5(b).

Plaintiffs' detailed allegations regarding Defendants' failure to make the required contact and disclosures are irrelevant. The Notice of Default before the Court on judicial notice shows that Defendants attempted to reach Plaintiffs and were unable to do so in the exercise of due diligence. (U.S. Bank and Ocwen's RJN, Ex. 2.) Plaintiffs make no allegations that Defendants have failed to meet the statutory requirements for due diligence. Therefore Plaintiffs have not adequately pled a claim for violation of § 2923.5 and the Court **GRANTS** the Motions to Dismiss.

#### ii. *California Civil Code § 2924*

In order to initiate nonjudicial foreclosure proceedings, "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default." Cal. Civ. Code § 2924(a)(1). At least three months must elapse between the filing of the notice of default and the foreclosure sale. *Id.* § 2924(a)(2).

Western Progressive, LLC, an agent of U.S. Bank and Ocwen, recorded a Notice of

Default in Los Angeles County on July 20, 2011. (U.S. Bank and Ocwen's RJN, Ex. 2.) In addition, Plaintiffs have made no allegations regarding foreclosure. For these reasons, Plaintiffs have failed to allege a claim for violation of § 2924 and the Court **GRANTS** the Motions to Dismiss.

## V.     CONCLUSION

In light of the foregoing, the Court **GRANTS in part and DENIES in part** Defendants' Motions.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |